O

JS - 6

cc:order, docket, remand letter to Los Angeles Superior Court, Stanley Mosk Courthouse, No. 12U05502

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>           Plaintiff,<br><br>    v.<br><br>ANDREA A. DUNLAP,<br><br>           Defendant. | Case No. CV 12-10643 DDP (MRWx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

On December 12, 2012, Defendant Andrea Dunlap removed this action from State Court. Although the Complaint being removed is not attached, it is apparently a Complaint for Unlawful Detainer. (Notice of Removal ¶ 36.) The Notice of Removal identifies the state action as Case No. 12U05502. That same state action was removed to this court on August 1, 2012, and remanded to state court on October 10, 2012. (Bank of New York Mellon v. Andrea A. Dunlap et al, 12-cv-06656.) Case No. 12U05502 is a Complaint for Unlawful Detainer, with a demand for less than $10,000, based exclusively on California state law. (Bank of New York Mellon v. Andrea A. Dunlap et al, 12-cv-06656, RJN Exh. 1.)

///

"A defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." <u>Kirkbride v. Cont'l Cas. Co.</u>, 933 F.2d 729, 732 (9th Cir. 1991)(internal citation and quotation marks omitted).  Here, Defendant's Notice of Removal bases removal on 28 U.S.C. § 1443. Defendant invoked the same ground of removal, among others, in her previous Notice of Removal. (Bank of New York Mellon v. Andrea A. Dunlap et al, 12-cv-06656, Notice of Removal ¶ 18 ff.)  While Plaintiff did not address this ground of removal in its Motion to Remand, Defendant did not oppose the Motion to Remand at all.  Under Local Rule 7-12, failure to file a required paper such as an opposition may deemed consent to the granting of the motion.  The court therefore deemed that the Defendant consented to remand.  Because Defendant has not presented a ground for removal not present in her original Notice of Removal, and because she consented to the first remand of the action, the court again remands the action to state court.

The court notes that there is no federal question in the Complaint, which presents only issues of state law.  The court also notes that Defendant has not met the requirements for removal under 28 U.S.C. § 1443.  Under § 1443(1), removal will only be permitted if the defendant can satisfy a two-part test. <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219 (1975). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that

1  purports to command the state courts to ignore the federal rights."
2  Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006)(internal
3  citations and quotation marks omitted).  Generally, the denial of a
4  petitioner's equal civil rights must be "manifest in a formal
5  expression of state law."  State of Georgia v. Rachel, 384 U.S.
6  780, 803 (1966).
7      Defendant asserts that the Supreme Court's longstanding
8  interpretation of 28 U.S.C. § 1443 is unconstitutional.  (Notice of
9  Removal ¶ 16.)  The court declines to consider the
10 constitutionality of that statute in the context of a second notice
11 of removal of the same action when Defendant consented to the first
12 remand by failing to oppose it.
13      For these reasons, the court REMANDS the action to state
14 court.
15 IT IS SO ORDERED.

18 Dated: April 19, 2013

                                      DEAN D. PREGERSON
                                      United States District Judge